IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 1:08-0730-MBS |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Richard Stevens, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Defendant Richard Stevens was indicted on July 17, 2008, and charged with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1); and felon in possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 5). On September 18, 2008, the United States filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that he was subject to increased penalties based upon a prior state court felony drug conviction in 1994. Defendant pleaded guilty on January 29, 2009. In his plea agreement, Defendant stipulated and agreed that he had one prior felony drug conviction that subjected him to enhanced penalties.

The United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) that reflected a statutory sentence under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851 of 20 years to life imprisonment. The USPO attributed to Defendant 730 grams of cocaine base, for a base offense level of 34. Defendant received a two-level increase for possessing a firearm, less a three level reduction for acceptance of responsibility, for a total offense level of 33. Defendant's criminal history category was determined to be II, for a sentencing guidelines range of 141 to 188 months. However, because of the mandatory minimum sentence, Defendant's guideline range became 240 months.

On September 17, 2009, Defendant appeared before the court for sentencing. The United States moved for a downward departure pursuant to U.S.S.G. § 5K1.1. Defendant was sentenced to incarceration for a period of 135 months. Judgment was entered on September 25, 2009.

This matter is before the court on Defendant's motions to appoint counsel, which motions were filed on August 28, 2013, September 4, 2013, September 25, 2013, and November 29, 2013. Defendant contends that he requires counsel to aid him in seeking a reduction in sentence under United States v. Savini, 716 F.3d 66 (3d Cir.), superseded by United States v. Savani, 733 F.3d 56 (3d Cir. 2013). It appears that Defendant wishes to apply Amendment 750 of the United States Sentencing Guidelines to reduce his sentence. See 18 U.S.C. §§ 3582(c)(2) and 3553(e).

It is well settled that a criminal defendant has no right to counsel beyond his first appeal. Coleman v. Thompson, 501 U.S. 722, 756 (1991). Although due process mandates the appointment of counsel for certain post-conviction proceedings, a motion to reduce a sentence pursuant to § 3582(c) does not fit into this category. United States v. Legree, 205 F.3d 724, 730 (4th Cir.2000). Accordingly, Defendant's motions for appointment of counsel (ECF Nos. 617, 618, 619, 620) are **denied**.

In Savani, the Third Circuit held that, "when a defendant was subject to a mandatory minimum term and was sentenced to a term pursuant to the guidelines but below the mandatory minimum as a result of a § 3553 motion by the government, and when the sentencing range is later lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), that defendant is eligible to move for reduction of sentence pursuant to § 3582(c)(2)." 733 F.3d at 67. However, Savani, as a Third Circuit case, is not controlling precedent in the Fourth Circuit. Rather, this court is guided by the United States v. Hood, 556, F.3d 226 (4th Cir. 2009). Hood involved a defendant who had

been subject to a mandatory minimum sentence. The sentence imposed was reduced following a § 5K1.1 motion by the government. The defendant sought a reduction under Amendment 706 to the Sentencing Guidelines. The Fourth Circuit determined that the defendant's sentence was not based on a sentencing range lowered by the Sentencing Commission, and therefore the defendant was not entitled to a modification under § 3582(c)(2). The Fourth Circuit specifically noted that § 5K1.1 did not establish a sentencing range, but gave the sentencing judge discretion to give a defendant an appropriate reduction for substantial assistance. Id. at 234-35; see, e.g., United States v. Jennings, 2012 WL 1344735 (D.S.C. 2012) (applying Hood to defendant invoking Amendment 750) (unpublished).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 5, 2014

**NOTICE OF RIGHT TO APPEAL**

Defendant hereby is notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3